KENNON, Judge.
This is an appeal by the City of Natchi-toches from a judgment of the District Court rejecting its suit against the Gulf Refining Company wherein the City sought to cancel a five year commercial lease granted to the defendant company covering a -filling station site in the City -of Natchi-toches owned by the City as -surplus property; In its petition and under the agreed statement of facts, the plaintiff conceded that it had leased the premises in question to defendant corporation - for a period of five years beginning May 1, 1948. - The lease recited a consideration of $75.00. per month and a further obligation that the lessee should repair and renovate the premises by May 1, 1949 at a cost of not less than $4885.00.
Plaintiff, in the agreed statement of facts, conceded' that repairs and improvements totalling more than $8800.00 were made, but seeks to cancel the lease on the ground that the improvements were not completed until June 30, 1949.
In contending that, its lease had not been voided, defendant relied upon a thirty day notice of default requirement of the lease and upon the acceptance of a request submitted by the defendant company that the City extend the time under which the improvements were to be made to July 1, 1949.
The only written notice given by the lessor of its intention to terminate the lease was given not earlier than June 7, 1949, which was less than thirty days before the improvements were completed, and defendant invokes paragraph 12 of the léase, reading as follows:
“It is' agreed that the lessor shall not terminate the lease for or on account of the failure of the lessee or its sub-lessees or assigns to pay any'monthly rental when due, or to comply with any other, terms of this lease, without first' giving the lessee a written notice: of the intention to so terminate or cancel this lease, not less than thirty (30) days-prior to such cancellation or termination. - If during the said thirty (30) day period the lessee, its sub-lessee or assigns shall pay said rental -installment or comply with the term or condition of the lease stated in said notice, then the right of the lessor to cancel or terminate the lease for the cause mentioned shall cease and be of no effect.”
Both plaintiff and defendant concede that the minutes of -the only meeting of the City *402 Commission Council which considered the granting of an extension of time to the defendant corporation mentioned only an extension to May 31, 1949, . The relevant minute entry being:
“Mr. Robert Breedlove, Gulf Refining Company Distributor appeared and asked that his Company be given an extension of time in which to make repairs to the building.
“After discussion Mayor Kees instructed Mr. Watson to write the Gulf Oil Co. a letter extending the time to May 31, 1949.”
Instead of Mr. Watson, the city attorney, writing a letter extending the time to May 31st, there was considerable negotiation between the parties resulting in the defendant company preparing, and the Mayor of Natchitoches signing, an acceptance of a written request by the defendant company to have the time for making the repairs extended to June 30, 1949.
According to the agreed statement of facts, the Mayor of Natchitoches admits that the document was submitted to him and signed by him. It is further admitted that the agent of the defendant company would testify that he called the Mayor’s attention to the sixty day extension (instead of the thirty day extension referred to in the minute entry). The agreed Statement of facts further recites that the Mayor if called as a witness would testify that he had no recollection of this additional extension being called to his attention at the time he signed the acceptance above referred to. We find it unnecessary to de-. cide upon this controversial question of fact or upon plaintiff’s contention that such action of the Mayor would not be binding upon the municipality without a formal resolution of the Commission Council authorizing same, because we believe that under the terms of the lease itself (paragraph 12, above quoted), plaintiff can only avail itself of defendant’s admitted delay by showing that the defendant had also failed to comply with its obligation to make the improvements within thirty days after written notice of the City’s intention to terminate or cancel had been given to the lessee.
The City itself admitted that its first written notice to defendant that the City intended to terminate the lease was given not earlier than June 7, 1949. The City further admits that the improvements stipulated in the lease were completed on June 30, 1949. That is only twenty-three days after the written notice of termination was received by defendant. Under the plain provisions of paragraph ■ 12 of the lease, the City of Natchitoches agreed that its right to cancel the lease for failure of payment of rent or for failure “to comply with any other terms of this lease”' could only be effective by first giving the lessee a written notice “of the intention to so terminate” not less than thirty days prior to the termination. If there could be any doubt as to whether or not the first sentence of the paragraph would permit the defendant to remedy its shortcomings, same is dispelled by a reading of the second sentence of the paragraph, which specifically sets forth that should the lessee pay its installments “or comply with the terms and conditions of the lease stated in said notice,” then the rights of the lessor to cancel “are of no effect.” Under Article 1945 of the Revised Civil Code, legal agreements have the effect of law between the parties. No contention is made here that the agreement regarding this thirty day notice or grace period is unreasonable or unlawful. No sound contention is advanced by the plaintiff that the enforcement of this plain and lawful provision would work any hardship upon plaintiff. The Supreme Court, in the case of Simpson v. Simpson, 174 La. 530, 141 So. 50, upheld the validity of a clause requiring thirty days written notice before the complaining party could avail herself of a breach 'of a covenant to make repairs.
In the case before us the equities as well as the, law are with the defendant. Under the terms of the lease it was to retain possession of the repaired premises for at least five years (with privilege to renew for an additional five years), and the fact that the completion of the repairs was delayed thirty days therefore worked no hardship on the City of Natchitoches.
The judgment appealed from is affirmed, with costs.